UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>21st CENTURY TECHNOLOGIES GROUP, LLC, AND BRIAN SWAIN,<br><br>    Defendants. | No. 24-cv-11106-DLC |

**ORDER ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE**

Cabell, U.S.M.J.

   Gabriel Garcia has brought an action against Brian Swain and his company, 21st Century Technologies, LLC, for allegedly breaching a written agreement to provide Garcia with 25 vending machines in Massachusetts. The complaint asserts claims for breach of contract, negligence, fraudulent misrepresentation, consumer protection law violations, and violation of Federal Rule 16 C.F.R. Part 37. (D. 1).

   The defendants move to dismiss the complaint for lack of personal jurisdiction, and move alternatively to either transfer the case to the U.S. District Court for the District of Nevada, or dismiss a number of the plaintiff's claims on the merits. (D. 6). The plaintiff opposes and argues that the case should proceed here. For the reasons explained below, the court finds it most

appropriate to dismiss the complaint, without prejudice, on *forum non conveniens* grounds.

To begin, there is no dispute that the lawsuit arises from the defendants' alleged breach of an agreement between the parties. Notably, that agreement contains a clause providing, among other things, that venue for any disputes arising out of the agreement "shall be in the Eighth Judicial District Court of Clark County, Nevada or in such other venue as the parties agree in writing." (D. 6 at 1). There is also no dispute that the parties have not identified any other acceptable venue for litigation aside from Nevada's Eighth Judicial District. The doctrine of *forum non conveniens* is the proper way to enforce a mandatory forum selection clause instructing that litigation should take place in another state or foreign forum. *See Atlantic Marine Const. Co. v. U.S. Dist. Ct. for Western Dist. of Tex.*, 571 U.S. 49 (2013); *see also Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 77 F.3d 41, 46 (1st Cir. 2014) ("[M]andatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum."). Save for exceptional cases where public interest factors overwhelmingly disfavor enforcement, valid forum selection clauses are considered controlling. *Atlantic Marine*, 571 U.S. at 63-64.

When a forum selection clause provides for venue in another federal forum or district, the appropriate way to effectuate the parties' selection is to order a transfer of the case through 28 U.S.C. § 1404(a).  28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."; *see also Atlantic Marine*, 571 U.S. at 60 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.").

However, where, as here, the forum selection clause points to a state forum, which a federal district court has no authority under 28 U.S.C. § 1404(a) to transfer a federal case to, a federal court may enforce the forum selection clause by treating the motion to transfer as a motion to dismiss, and dismissing the case pursuant to the doctrine of *forum non conveniens*. *Atlantic Marine*, 571 U.S. at 60-61.  A federal court must enforce the clause unless the party opposing its enforcement can "clearly show that enforcement would be unreasonable and unjust, or that the clause

3

was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

In this regard, the plaintiff asserts that the forum selection clause should be found invalid because the defendants fraudulently induced him to enter into the agreement by representing themselves as "21st Century Technologies, LLC" instead of "21st Century Technologies *Group*, LLC". (D. 10 at 8-9). However, the plaintiff avers no facts to suggest or show that the "the clause's inclusion in the contract was the product of fraud," or explain how the omission of the word "Group" from the defendant's name somehow reasonably induced him to enter into an agreement he otherwise would have declined to enter. *See Huffington v. T.C. Grp.*, LLC, 637 F.3d 18, 24 (1st Cir. 2011). The court thus finds no basis to suspect the inclusion of the forum selection clause in the parties' agreement was the product of fraud or that the plaintiff was otherwise induced to enter the agreement through fraud.

Accordingly, where the underlying agreement contains a valid and mandatory forum selection clause calling for any disputes under the agreement to be heard in a specific Nevada state court, which the court lacks authority to effectuate, the only way to enforce the clause is to dismiss the case on the grounds of *forum non conveniens*. *Atlantic Marine*, 571 U.S. at 62, 66 n.8 ("Unlike a § 1404(a) motion, a successful motion under *forum non conveniens*

requires dismissal of the case."); *Rivera v. Kress Stores of Puerto Rico, Inc.*, 30 F.4th 98, 101 (1st Cir. 2022) ("Where, as here, a forum-selection clause is alleged to require reference to a state or foreign forum, the appropriate way for a federal court to enforce it is through a motion to dismiss for *forum non conveniens*.").

It bears noting that a dismissal without prejudice should not adversely affect the plaintiff's ability to seek redress as he appears to still be within the limitations period with respect to his claims.  Further, a dismissal also eliminates the need to consider uncertain issues regarding this court's exercise of personal and/or subject matter jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431-32 (2007) ("A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant").

**ACCORDINGLY**, Defendants' Motion to Dismiss or Transfer Venue (D. 6) is **ALLOWED**; the complaint and its claims are hereby **DISMISSED WITHOUT PREJUDICE**.

*So Ordered.*                           /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.

DATED:  April 7, 2025